UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SEAN GOLLAHON, Individually and on behalf of all other persons similarly situated, | ECF CASE |
| Plaintiff, | No.:_____ |
| v. | CLASS ACTION COMPLAINT |
| APPLE INC., | |
| Defendant. | JURY TRIAL DEMANDED |

## NATURE OF THE ACTION

1.      Plaintiff Sean Gollahon worked for Defendant Apple Inc. in numerous manual labor positions from May 13, 2019 till December 11, 2023 and was paid every two weeks, not every week.

2.      Plaintiff Gollahon asserts, on his behalf and other similarly situated current and former employees of Apple who the company employs and employed in similar manual labor positions, an untimely payment of wages claim under N.Y. Lab. Law § 191(1)(a).

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1332(d)(2) and under the Class Action Fairness Act, 28 U.S.C. §§ 1771 *et seq.*, as Apple's total liability exceeds $5,000,000, exclusive of interests and costs, more than 100 putative class members exist, and diversity jurisdiction exists between Plaintiff Gollahon and Apple.

4.      Venue is proper in this District under 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to this claim occurred in this District.

5.      This Court is empowered to issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

<u>THE PARTIES</u>

6.      Plaintiff Gollahon was, at all relevant times, an adult individual, residing in New York, New York.

7.      Apple is a California corporation that has its corporate headquarters in Cupertino, California.

8.      As its principal place of business is in California, Apple is a resident of the State of California.

9.      Apple, either directly or indirectly, has hired and fired Plaintiff Gollahon and other employees, supervised and controlled their work schedule and conditions of employment, determined the rate and method of their payment, and kept at least some records regarding their employment.

<u>STATEMENT OF FACTS</u>

<u>Background</u>[1]

10.     Apple owns and operates more than 20 New York locations, including the location where Plaintiff Gollahon worked: 401 W. 14th Street, New York, New York 10014.

11.     At Apple, many titles are used interchangeably and their duties, similarly, are interchangeable.

12.     Apple employed Plaintiff Gollahon as a specialist, technical specialist, operations expert, genius bar administrator, and pro.

---

[1] Headers are for organizational purposes only.

13.    Apple's specialists, technical specialists and pros' duties include organizing the inventory, carrying inventory around the store, unboxing products, reorganizing the sales floor, assisting customers and retrieving for customers' their products. In doing so, they spend most of their day, and certainly more than 25%, performing physical labor.

14.    Apples' genius bar administrators' duties include, repairing products, checking repairs, reorganizing the sales floor, unscrewing devices' cables and connectors, cleaning devices, taking apart and fixing products, diagnosing devices and replacing failed components.

15.    Genius bar administrators are also sometimes referred to as technical experts, geniuses and lead geniuses.

16.    Genius bar administrators, technical experts, geniuses and lead geniuses spend more than 50% of their day performing physical labor.

17.    Apple's operation experts' duties include unloading their stores' pallets that include merchandise, parts, tools, and supplies.

18.    Operations experts are also sometimes called inventory specialists and operation leads.

19.    Operation experts, inventory specialists and operation leads spend more than 50% of their day performing physical labor.

20.    Plaintiff Gollahon, regardless of position, spent more than 25% of his time performing physical labor.

21.    Plaintiff Gollahon worked with at least 50 other employees at any one time who, like he, spent more than 25% of their time doing physical labor, including organizing

the inventory, unboxing products, repairing products, checking repairs, reorganizing the sales floor and assisting customers.

22. From observing them, Plaintiff Gollahon knows that other employees, like he, spent more than 25% of their time performing physical labor.

Compensation Policies

23. Apple paid Plaintiff Gollahon an hourly rate.

24. Apple paid Plaintiff Gollahon every 14 days, not every week.

25. From speaking with other Apple's employees, Plaintiff Gollahon knows that they, like he, were paid every 14 days.

26. It is Apple's uniform policy to pay its specialists, technical specialists, pros, genius bar administrators, technical experts, geniuses, lead geniuses, operation experts, inventory specialists, operation leads and others in similar manual labor positions every 14 days, not every week.

27. In paying them every 14 days, Apple did not pay its specialists, technical specialists, pros, genius bar administrators, technical experts, geniuses, lead geniuses, operation experts, inventory specialists, operation leads and others in similar manual labor positions for the first week they worked within each pay period within seven days.

28. The New York State Department of Labor has not authorized Apple to pay its employees every two weeks.

29. Plaintiff Gollahon and Apple's other specialists, technical specialists, pros, genius bar administrators, technical experts, geniuses, lead geniuses, operation experts, inventory specialists, operation leads and others in similar manual labor positions are financially sensitive, depending upon each paycheck.

30.     By delaying payment to Plaintiff Gollahon and Apple's other specialists, technical specialists, pros, genius bar administrators, technical experts, geniuses, lead geniuses, operation experts, inventory specialists, operation leads and others in similar manual labor positions, they were underpaid for the work they performed; they were deprived of money that they are owed and need; the value of the money, when eventually paid, is less than it would have been if they were timely paid; and they were not able to purchase everything they would have purchased if timely paid.

31.     Upon information and belief, with more than 20 Apple locations in New York, Apple employs more than 300 employees in manual labor positions at any one time in New York.

CLASS ALLEGATIONS

32.     Plaintiff Gollahon asserts these allegations on his own and on behalf of persons under Fed. R. Civ. P. 23(a), (b)(2) and (b)(3).

33.     Plaintiff Gollahon brings his Labor Law claim on behalf of all persons whom Apple is employing and has employed between October 7, 2018 and the entry of judgment in this case in New York who are employed or were employed as specialists, technical specialists, pros, genius bar administrators, technical experts, geniuses, lead geniuses, operation experts, inventory specialists, operation leads and others in similar positions who were paid every 14 days (the "Class Members").

34.     The Class Members identified above are so numerous that joinder of all of them is impracticable. Although the precise number of such persons is unknown and the facts upon which calculating that number are within Apple's sole control, upon information and belief, approximately 300-plus Class Members exist.

35. Plaintiff Gollahon's claims are typical of the Class Members', and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in court against a corporate defendant.

36. Apple has acted or refused to act on grounds generally applicable to the Class Members, thereby making appropriate final injunctive relief or corresponding declaratory relief.

37. Plaintiff Gollahon is committed to pursuing this action and has retained competent counsel experienced in wage and hour law and class action litigation.

38. Plaintiff Gollahon has the same interest in this matter as all other Class Members and his claims are typical of theirs.

39. Common questions of law and fact exist as to the Class Members that predominate over any questions solely affecting the individual Class Members, including:

a. whether Apple employed Plaintiff Gollahon and the Class Members within the meaning of the Labor Law;

b. whether the Class Members are manual laborers and non-exempt employees within the meaning of the Labor Law;

c. whether Apple violated the Labor Law by paying the Class Members every 14 days;

d. whether Apple is liable for all claimed damages, including liquidated damages and attorneys' fees and expenses; and

e.      whether Apple should be enjoined from such violations of the Labor Law in the future.

FIRST CAUSE OF ACTION
NEW YORK LABOR LAW – UNTIMELY PAID WAGES
(Brought on Behalf of Plaintiff Gollahon and the Class Members)

40.      Plaintiff Gollahon repeats every allegation of the preceding paragraphs as if fully set forth herein.

41.      Apple is an employer within the meaning of N.Y. Lab. Law §§ 190, 651(5) and supporting New York Statement Department of Labor Regulations and employed Plaintiff Gollahon and the Class Members.

42.      Plaintiff Gollahon and the Class Members are "manual workers" within the meaning of N.Y. Lab. Law § 190(4).

43.      As manual workers, Apple was required to pay Plaintiff Gollahon and the Class Members "not later than seven days after the end of the week in which the wages are earned." N.Y. Lab. Law § 191(1)(a)(i).

44.      A temporary deprivation of money to which Plaintiff Gollahon and the Class Members are entitled constitutes a tangible injury that is cognizable under Article III.

45.      With Apple paying Plaintiff Gollahon and the Class Members every 14 days, it did not pay them for the first seven days they worked during each period within seven days at the end of that week, violating N.Y. Lab. Law § 191(1)(a)(i).

46.      For violating N.Y. Lab. Law § 191(1)(a)(i), Apple is liable to Plaintiff Gollahon and the Class Members for liquidated damages, interest and attorneys' fees and expenses. N.Y. Lab. Law § 198(1-a).

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff Gollahon, on his behalf and the Class Members, respectfully requests this Court grant the following relief:

a.      Certifying this action as a class action under Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the Class Members and appointing Plaintiff Gollahon and his counsel to represent the Class Members;

b.      A declaratory judgment that the practices complained of herein are unlawful under the Labor Law;

c.      An injunction against Apple and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

d.      An award of liquidated damages under the Labor Law;

e.      An award of prejudgment and post-judgment interest;

f.      An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

g.      Such other and further relief as this Court deems just and proper.

<u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff Gollahon demands a trial by jury on all questions of fact the Complaint raises.

Dated:  New York, New York
        October 7, 2024

                                LIPSKY LOWE LLP

                                s/ Douglas B. Lipsky
                                Douglas B. Lipsky
                                420 Lexington Avenue, Suite 1830
                                New York, New York 10170
                                212.392.4772
                                doug@lipskylowe.com
                                *Attorneys for Plaintiff Gollahon*